UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO.: 5:18-CR-00050-TBR

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.

VICTOR EVERETTE SILVERS                                                                  DEFENDANT

**MEMORANDUM OPINION & ORDER**

Before the Court is defendant Victor Silvers's Motion to Appoint Hybrid Counsel, DN 63. The motion is DENIED.

**I.  Background and Procedural History**

Victor Silvers is before the Court charged with First Degree Murder (premeditated), Attempted First Degree Murder (premeditated), Interstate Domestic Violence, Possession of a Firearm by a Prohibited Person, two counts of Use of a Firearm during the Commission of a Violent Offense, and Violation of a Protection Order. (DN 14). Silvers earlier filed a pro se Motion to Appoint Counsel requesting that the Court appoint substitute counsel due to disagreements Silvers was having with his appointed counsel. (DN 31). The Court denied that request. (DN 37). Before the Court now is a pro se Motion to Appoint Hybrid Counsel. (DN 63).

**II.  Silvers's Motion**

In his letter, which the Court interprets as a pro se Motion to Appoint Hybrid Counsel, Silvers requests hybrid representation because he wants to be more involved in the decisions about his case and because his case is complex. (DN 63 at 1). Specifically, Silvers states:

> [A]fter working with counsel for over 24 months. It should not even be an opinion and/or suggested argument that, my level of participation should be limited. Especially to only mere considerations where when it comes to my inputs I'm only allowed three exceptions that I may choose from; 1) whether I go to trial or enter a plea; 2) whether I want to have

1

> a jury trial or a bench trial; and 3) whether I testify or not. Even the courts have declared that my case is consider complex, and due to such complexity. I, Victor E. Silvers, feel as if I should be allowed hybrid representation, with proper arrangements and limitations of cause. However, with this request of mine (hybrid representation) I'm making. I am not waiving my right to counsel nor am I asking for pro se representation entirely. I am simply asking for partiality.

(DN 63 at 1-2). In support of his argument, Silvers cites four appellate court opinions that address hybrid representation. *Id.* at 2-3. After careful consideration of Silvers's motion and the law of hybrid representation, the Court is not persuaded to exercise its discretion to allow hybrid representation.

### III.     Legal Standards

"While a defendant has a Sixth Amendment right to have counsel conduct his entire defense . . . or to proceed pro se . . . he has no constitutional right to demand 'hybrid representation,' such as conducting his own defense with the occasional assistance of counsel." *Wilson v. Hurt*, 29 F.App'x 324, 327 (6th Cir. 2002) (citations omitted). "[W]hether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court." *United States v. Mosley*, 810 F.2d 93, 97-98 (6th Cir. 1987). "[H]ybrid representation is generally prohibited because it increases the risk of undue delay, jury confusion, and conflicts as to trial strategy." *Miller v. United States*, 561 F.App'x 485, 488 (6th Cir. 2014) (citing *Mosley*, 810 F.2d at 98)). "[H]ybrid representation may be granted, within the discretion of the district court, but is generally disfavored because it increases the risk of undue delay, jury confusion, and conflicts as to trial strategy." *United States v. Elmore*, NO. 3:16-CR-128-CRS, 2018 WL 5619332, at *4 (W.D. Ky. Oct. 30, 2018) (citing *Mosley*, 810 F.2d at 97-98). Further, "when counsel has 'performed in a highly competent and professional manner' and the defendant has been 'given ample time to consult with his counsel over strategy,' it is proper to prohibit hybrid representation." *Id.*

## IV. Discussion

Silvers has no constitutional right to hybrid representation, and allowing such an arrangement is within the discretion of the district court. *Wilson*, 29 F.App'x at 327; *Mosley*, 810 F.2d at 97-98. Silvers has not convinced the Court that it should permit a hybrid representation arrangement. First, Silvers has demonstrated no special need for hybrid representation. Silvers points the Court to *United States v. Olano*, 62 F.3d 1180 (9th Cir. 1995). There, Olano was chairman of a financial institution and had his own law office. *Id.* at 1186. Olano was found guilty of multiple bank fraud charges at trial. *Id.* at 1186. On appeal, he claimed that the trial court "violated his Sixth Amendment right to counsel when it denied his motion to participate in the trial as co-counsel alongside his appointed counsel." *Id.* at 1193. Olano desired to participate as co-counsel in his trial because, as he claimed, he knew more about banking and real estate law than did his appointed counsel. *Id.* at 1193. The Ninth Circuit held that the district court had not abused its discretion in denying the defendant's motion for hybrid representation, because the defendant had not demonstrated why his expertise could not have been shared with his attorney so that his attorney could make use of that information at trial. *Id.* (citations omitted) ("Olano has not demonstrated . . . why he could not have provided his attorney with the benefit of this expertise prior to or during trial, without himself acting as co-counsel . . . He thus has not established any 'special need' requiring the district court to permit him to participate at trial."). Unlike the defendant in *Olano*, Silvers does not claim to have legal expertise superior to that of his appointed counsel. Even if he did claim to have specialized knowledge or skill, Silvers, like Olano, can consult with his appointed counsel concerning strategy and make his wishes known without acting as co-counsel. Silvers has been appointed competent, professional counsel with

whom Silvers has ample time to consult leading up to trial. Given this consideration and those that follow, the Court will not approve of hybrid representation here.

In addition to the absence of any special need for hybrid representation, the gravity of the charges Silvers is facing and the likelihood of procedural complications that would arise caution against a hybrid representation arrangement. As Silvers states in his motion, his case has been declared complex, and the potential sentences that follow the charges against him ascend to and include the death penalty. (DN 63 at 1-2; DN 14 at 7). The Court is concerned that the case's complexity will only exacerbate the risks of delay, jury confusion, and conflicts between Silvers and his appointed counsel over strategy at trial, in addition to other procedural challenges. As such, the Court finds that Silvers's liberty interests will best be protected through appointed counsel alone. The Court denies Silvers's request for hybrid representation.

## V. Conclusion

For the reasons stated above, Silvers's Motion to Appoint Hybrid Counsel, DN 63, is DENIED.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 16, 2020

cc: counsel

4