UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA	PLAINTIFF

v.	CRIMINAL ACTION NO. 5:18-CR-50-TBR

VICTOR EVERETTE SILVERS
*also known as* Victor E. Silvers	DEFENDANT

## NOTICE OF INTENT TO SEEK THE DEATH PENALTY
*-Electronically Filed-*

Comes the United States of America, pursuant to Title 18, United States Code, Section 3593(a), by and through its undersigned counsel, Michael A. Bennett, Acting Assistant United States Attorney, and notifies the Court and the defendant, Victor Everette Silvers, in the above-captioned case that the government believes the circumstances of the capital offense charged in Count One of the Superseding Indictment are such that, in the event of the defendant's conviction on said count, a sentence of death is justified under Title 18, United States Code, Sections 3591 through 3598, and that the government will seek the sentence of death for Count One- First Degree Murder (Premeditated) in violation of Title 18, United States Code, Section 1111(a) and (b), which carries a possible sentence of death.

The government proposes to prove the following factors as justifying a sentence of death:

## COUNT ONE-FIRST DEGREE MURDER (PREMEDITATED)

**A.**	**Statutory Proportionality Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A)-(D)**

1.	**Intentional Killing.**  The defendant intentionally killed Brittney Niecol Silvers. Section 3591(a)(2)(A).

2. **Intentional Infliction of Serious Bodily Injury.** The defendant intentionally inflicted serious bodily injury that resulted in the death of Brittney Niecol Silvers. Section 3591(a)(2)(B).

3. **Intentional Acts to Take Life or Use Lethal Force.** The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Brittney Niecol Silvers died as a direct result of the act. Section 3591(a)(2)(C).

4. **Intentional Acts in Reckless Disregard for Life.** The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Brittney Niecol Silvers died as a direct result of the act. Section 3591 (a)(2)(D).

B. **Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c)**

1. **Grave Risk of Death to Additional Persons.** The defendant, in the commission of the offense, or in escaping apprehension for the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. Section 3592(c)(5).

2. **Especially Heinous and Cruel.** The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim. Section 3592(c)(6).

3. **Substantial Planning and Premeditation.** The defendant committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism. Section 3592(c)(9).

4. **Multiple Killings or Attempted Killings.** The defendant killed or attempted to kill more than one person in a single criminal episode. Section 3592(c)(16).

C. **Other, Non-Statutory, Aggravating Factors Identified Under 18 U.S.C. § 3593(a)(2)**

1. **Participation in Other Criminal Conduct**

In addition to the capital offense charged in Count One of the Indictment, the defendant engaged in a series of other criminal offenses in the days and weeks leading up to the murder of Brittney Niecol Silvers. That pattern of conduct includes specific criminal offenses set forth in the Indictment, including Attempted First Degree Murder (Premeditated) (Count Two), Interstate Domestic Violence (Count Three), Violation of a Protection Order (Count Four), Possession of a Firearm by a Prohibited Person (Count Five), and Use/Carry/Discharge of a Firearm During and in Relation to a Crime of Violence (Counts Six and Seven). That pattern also includes the following specific acts, each of which serves as a non-statutory aggravating factor in the event of the defendant's conviction for the murder of Brittney Niecol Silvers.

a. **Assault of Brittney Niecol Silvers on July 22, 2018.** On or about July 22, 2018, in Clarksville, Tennessee, the defendant assaulted Brittney Niecol Silvers while she was sitting in her car. The defendant opened her car door, grabbed her by the neck, and struck her in the face multiple times resulting in physical injury to her face and lip. A warrant was subsequently issued for the defendant's arrest. He was apprehended on this warrant on September 22, 2018, after the provost marshal's office at Fort Campbell notified the Clarksville Police Department that he was on base with an active warrant.

b. **Acquisition of a Weapon.** On or about July 25, 2018, approximately three days after the assault that occurred on July 22, 2018, the defendant purchased a Smith and Wesson M&P 9 millimeter semiautomatic pistol from Academy Sports in Clarksville, Tennessee.

c. **Assault of Brittney Niecol Silvers on September 22, 2018.** On September 22, 2018, the defendant entered Brittney Niecol Silver's home, located on the Fort Campbell Military Base, and threatened her with a firearm. After the defendant left the residence, Brittney Niecol Silvers reported the incident to military police who then notified authorities in Clarksville, Tennessee. The defendant was subsequently arrested at his residence in Clarksville, Tennessee. The defendant was also served with the outstanding warrant for the assault that occurred on July 22, 2018.

The defendant was released from custody on or about September 22, 2018, under a bail order that restrained him from being near Brittney Niecol Silvers or possessing a firearm.

Brittney Niecol Silvers applied for an emergency order of protection on September 26, 2018, in Christian County, Kentucky. The defendant was served with that notice on October 1, 2018. The emergency order restrained the defendant from being near Brittney Niecol Silvers and from possessing a firearm. On October 9, 2018, a domestic violence order was issued restraining the defendant from being near Brittney Niecol Silvers or possessing a firearm until October 9, 2021.

d. **Threats to Kill Brittney Niecol Silvers.** On or about September 23, 2018, the defendant told another person through a series of text messages that Brittney could die. Specifically, he says that "You can die and I mean that from my soul. All that love I had for her is gone." He follows up the message with, "I meant her," referring to Brittney Niecol Silvers. Further, on or about September 25, 2018, the defendant in a series of text messages to the same person said, "She (Brittney Niecol Silvers) betrayed me on a level to where I want her dead!!!!!" The defendant then follows up that message with two additional messages. Each message is one word and reads, "Dead".

e. **Possession of a Weapon by a Prohibited Person.** The defendant was served with notice regarding the emergency protective order on October 1, 2018, prohibiting him from possessing a weapon. On October 14, 2018, a few hours before the murder, the defendant sent a text message to a person with a picture of the gun in his vehicle. The message reads, "She goes wherever I go." Later in the evening, on October 14, 2018, the defendant intentionally killed Brittney Niecol Silvers with the weapon. The weapon was identified as being the same one he purchased on July 25, 2018.

2. **Future Dangerousness.**

The defendant, Victor Everette Silvers, is likely to commit additional criminal acts of violence in the future. In addition to the offense charged in the Indictment and the statutory and non-statutory aggravating factors alleged in this Notice, the circumstance which demonstrate his future dangerousness include: the defendant's long-term history of abusive contact with his wife, the victim in this case; his repeated violations of court orders of protection; his possessing a firearm after having been served notice of a court order of protection; and his lack of remorse for his criminal activities.

3. **Victim Impact.**

The defendant caused injury, harm, and loss to the friends and family of Brittney Niecol Silvers because of Brittney Niecol Silvers' personal characteristics as an individual human being, an active duty soldier in the United States Army, and the impact of her death upon those persons. The government will present information concerning the effect of the offense on Brittney Niecol Silvers and her family, the scope of the injuries and loss suffered by Brittney Niecol Silvers, and any other relevant information.

Further, the United States Army also suffered a grave loss due to Brittney Niecol Silvers' status as an active duty soldier. The ability that the United States Army has to maintain safety and security on the instillation was gravely undermined by this criminal act. In addition, the loss of a soldier degrades the unit's readiness and ability to respond to threats. The government will present information concerning force protection and the immeasurable loss to the United States Army that resulted from the murder of an active duty soldier.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

s/ Seth A. Hancock
Seth A. Hancock
Assistant U.S. Attorney
501 Broadway, B29
Paducah, Kentucky 42001
PH: (270) 443-2899
FAX: (270) 444-6794
Email: seth.hancock@usdoj.gov

s/ Leigh Ann Dycus
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, B29
Paducah, Kentucky 42001
PH: (270) 443-6188
FAX: (270) 444-6794
Email: leigh.ann.dycus@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

s/ Seth A. Hancock
Seth A. Hancock
Assistant U.S. Attorney