UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>                                                             P<small>LAINTIFF</small>

v.                                                                                 No. 5:18-cr-50-BJB

V<small>ICTOR</small> E<small>VERETTE</small> S<small>ILVERS</small>                                             D<small>EFENDANT</small>

## Memorandum Opinion

      The United States charged Victor Silvers with several offenses stemming out of the alleged murder of his wife, Brittney Niecol Silvers. Trial is set to begin November 29, 2022. On November 13, 2022, the Defendant moved to dismiss Count 1 or 3, as well as Count 6, of the second superseding indictment. Motion to Dismiss (DN 246) at 1. The Defendant argues that Count 6 violated his Due Process rights because the superseding indictment issued only 22 days before trial, which allegedly prejudiced his right to a fair trial. *Id.* at 3. The Defendant also argues that Counts 1 and 3 violate the Double Jeopardy clause because they seek multiple punishments for the same offense. *Id.* at 3–4; *Blockburger v. United States*, 284 U.S. 299, 301–02 (1932). Neither contention succeeds.

      **A. Due Process**

      The Defendant first challenges Count 6, arguing that he was prejudiced by the Government's decision to bring a second superseding indictment charging him with the new offense only a few weeks before trial. Motion to Dismiss at 3. In the first superseding indictment, Count 6 charged the Defendant with the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Superseding Indictment (DN 70) at 4. This charge rested on the use of a firearm in the first-degree murder charged in Count 1. *Id.* In the second superseding indictment, challenged here, Count 6 charges that the Defendant used a firearm in a crime of violence that resulted in death—in violation of § 924(c)(1)(A) and § 924(j). Second Superseding Indictment (DN 239) at 4–5. The inclusion of a § 924(j) charge authorizes a sentence of death (which the Government doesn't seek), while § 924(c)(1)(A)(iii) sets out a mandatory minimum of 10-years imprisonment with no maximum penalty (thus allowing for a sentence up to life imprisonment).

      The Defendant's argument fails. The heading to this objection alleges that Count 6 must be dismissed because its late filing "prejudices" his right to a fair trial. Motion to Dismiss at 3. The body of the argument, however, fails to cite legal

1

authority that explains why this is true. The Government has broad authority to bring charges at any time before trial, subject to the possibility that the district court may grant a *continuance* (as opposed to a dismissal) to allow for adequate trial preparation. *United States v. Prince*, 214 F.3d 740, 762–63 (6th Cir. 2000). And the Court has broad authority to grant a continuance if necessary to avoid any prejudice based on the timing of an indictment. *See United States v. Rojas-Contreras*, 474 U.S. 231, 236–37 (1985) ("The authority of the District Court to grant an 'ends of justice' continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant.").

Here, the Defendant has failed to adequately demonstrate prejudice. The Defendant contends only that "[t]he modifications made to Count Six, with the addition of a Section 924(j) allegation, significantly increased the penalties and broadened Mr. Silvers' exposure to potentially multiple life sentences." Motion to Dismiss at 3. Because Count 6 of the original superseding indictment rested on the first-degree murder charge in Count 1 (which remains unchanged between the two indictments), the Defendant was on notice of the substance of the § 924(j) charge. *See United States v. Watford*, 468 F.3d 891, 909–11 (6th Cir. 2006) (allegations in original indictment put defendant on notice of potential for heightened penalty based on superseding indictment). Moreover, the facts underlying the new charge remain the same as the old, so nothing suggests the late filing of the second indictment has harmed his defense. Because the Defendant has not even argued that he is unprepared to defend against these charges at trial based on the successive indictment (and indeed affirmatively indicated he was ready for trial the day before jury selection is set to begin), he lacks any basis to claim prejudice. *See Prince*, 214 F.3d at 763.

The Defendant also argues that the second superseding indictment prejudices him because it adds the risk that he could serve consecutive life sentences. Motion to Dismiss at 3. But he provides no support for the proposition that the addition of a heightened penalty violates his rights—at least not absent some prejudice to his ability to defend himself against the charges. Such a rule would cut against the Government's broad authority to choose which charges to file. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). And in any case, the risk of a concurrent life sentence is not new; Section 924(c)(1)(A), charged in the first superseding indictment, sets out a *minimum* sentence of ten years but contains no maximum penalty that would preclude a life sentence (as defense counsel acknowledged at the hearing the day before trial). So the Court denies the motion to dismiss Count 6.

**B. Multiplicity Challenge**

The Defendant next challenges Counts 1 and 3 on the ground that they punish the same offense and so violate the Double Jeopardy Clause's bar on "multiplicitous"

prosecution. Count 1 charges the Defendant with first-degree murder in violation of 18 U.S.C. § 1111(a) & (b). Second Superseding Indictment at 1. Count 3 charges the Defendant with domestic violence in violation of 18 U.S.C. § 2261(a) & (b). Second Superseding Indictment at 2.

"To determine if multiplicity exists, a court must first look to whether Congress intended to punish each statutory violation separately." *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008) (quotation omitted). Where, as here, the parties have not pointed to any evidence of "Congress['] inten[t]," we must use the "general test" for multiplicity. *Id.* Also known as the "same-elements test," this asks if each statutory provision requires the "proof of a fact which the other does not." *United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002) (citing *Blockburger*, 284 U.S. at 304). This analysis focuses on the statutory elements of the offenses, not the proof that the Government may present at trial. *See, e.g., Albernaz v. United States*, 450 U.S. 333, 338 (1981).

First-degree murder, as charged in Count 1, requires the Government to prove four elements: (1) the defendant unlawfully killed the victim, (2) with malice aforethought, (3) with premeditation, (4) within the special maritime or territorial jurisdiction of the United States. 18 U.S.C. § 1111(a); *United States v. Gabrion*, 517 F.3d 839, 842 (6th Cir. 2008); *see also* Seventh Circuit Pattern Criminal Jury Instructions at 591.

Domestic violence, as charged in Count 3, requires the government to prove three elements: (1) the defendant traveled in interstate commerce or was present in the special maritime or territorial jurisdiction of the United States; (2) with the intent to kill, injure, harass, or intimidate a spouse or intimate partner; and (3) in the course or as a result of such travel, committed or attempted to commit a crime of violence against that spouse or intimate partner. 18 U.S.C. § 2261(a); *United States v. Utrera*, 259 F. App'x 724, 729 (6th Cir. 2008). If the crime of violence resulted in the death of the victim, a penalty of any term of years up to life applies. § 2261(b)(1).

These counts require proof of different factual elements. First-degree murder requires proof that the defendant acted with premeditation, and domestic violence under § 2261 does not. *See Bowman v. Haas*, 2016 WL 612019, at *2 (6th Cir. Feb. 10, 2016) (treating premeditation requirement for state first-degree murder as a separate element in a multiplicity analysis); *United States v. Sumler*, 136 F.3d 188, 190 & n.3 (D.C. Cir. 1998) (same). And domestic violence under § 2261 requires proof that the victim was the defendant's spouse or intimate partner, while first-degree murder does not. *See United States v. Lankford*, 196 F.3d 563, 578 (5th Cir. 1999) (treating proof of spousal status in § 2261 as a separate element in a multiplicity analysis). So, the multiplicity objection fails under *Blockburger*'s same-elements test.

## ORDER

The Court denies the Defendant's motion to dismiss (DN 246) Counts 1 or 3, and Count 6, of the Second Superseding Indictment.

Benjamin Beaton, District Judge
United States District Court

November 30, 2022