# JURY INSTRUCTIONS

FILED
JAMES J. VILT, JR. - CLERK
DEC 07 2022

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offenses he is accused of committing. Then I will pause, and you will hear closing arguments from the lawyers—but those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

## I.   DUTIES OF THE JURY

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the indictment.

The indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the Defendant what offenses he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that

overcomes the presumption, and convinces you beyond a reasonable doubt, that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### Election Not to Testify

A Defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations. Remember, it is not up to the Defendant to prove that he is innocent.

### Evidence Defined

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that we admitted into evidence, and the agreed facts (or "stipulations") that I read to you.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless these instructions tell you not to in some way. Any inferences you make must be reasonable and must rest on the evidence in the case.

## Direct and Circumstantial Evidence

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence—like the testimony of an eyewitness—which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either type of evidence. Nor does the law say that one type is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## Opinion Testimony

You heard some testimony that came in the form of the witness's opinion. You do not necessarily have to accept the opinion of a witness. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached that conclusion. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves. It doesn't necessarily matter which party called the witness, or whether that witness works for or worked for the government or the military.

## Statement by Defendant

You have heard evidence that the Defendant made statements in which the Government claims he admitted certain facts. It is for you to decide whether the Defendant made those statements, and if so, how much weight they deserve. In making these decisions, you should consider all of the evidence about those statements, including the circumstances under which the Defendant allegedly made them. You may not convict the Defendant solely upon his own uncorroborated statements.

## Lawyer's Objections

The lawyers for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have every right to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

## II.   RULES OF LAW

The Defendant has been charged with several crimes. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### Count 1
### First-Degree Murder (18 U.S.C. § 1111)

Count 1 charges the Defendant with the murder of Brittney Silvers. To prove murder in the first degree, the Government must establish each of the following elements beyond a reasonable doubt:

First, that on October 14, 2018, the Defendant unlawfully killed Brittney Silvers;

Second, that the Defendant acted with malice aforethought;

Third, that the Defendant acted with premeditation;

Fourth, that the killing occurred within the special maritime and territorial jurisdiction of the United States; and

Fifth, that the Defendant did not act in the heat of passion.

The second element the Government must prove beyond a reasonable doubt is that the Defendant acted with "malice aforethought." This is the state of mind that would cause a person to act without regard to the life of another. To satisfy this element, the Defendant must have acted consciously, with the intent to kill another person. In order to establish this element, the Government must prove that the Defendant acted willfully, with a bad or evil purpose to break the law. The Government need not, however, prove spite, malevolence, hatred, or ill will toward the victim.

The third element the Government must prove beyond a reasonable doubt is that the Defendant acted with premeditation. A killing is premeditated when it is intentional and the result of planning or deliberation. The amount of time needed for premeditation cannot be arbitrarily fixed, but depends on the person, his mind and temperament, and the surrounding circumstances. It must be long enough for the Defendant, after forming the intent to kill, to be fully conscious of his intent, and to

have thought about the taking of a human life before acting. Any interval of time between formation of the intent to kill and action on that intent suffices for premeditation if it is long enough for the Defendant to have been fully conscious and mindful of what he intended and willfully set about to do.

The fourth element refers to the "special maritime and territorial jurisdiction" of the United States. 4217 Contreras Court is located within the special maritime and territorial jurisdiction of the United States. If you find beyond a reasonable doubt that the crime occurred at 4217 Contreras Court, that is sufficient to find that it occurred within the special maritime and territorial jurisdiction of the United States.

The fifth element, heat of passion, means a passion of fear, rage, or anger that caused the Defendant to lose self-control and act upon impulse without self-reflection. The action must result from circumstances that would provoke such a passion in a reasonable person, but which did not justify the use of deadly force.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty.

### Second-Degree Murder

If and only if you find the Defendant not guilty of first-degree murder, then please go on to consider whether the Government has proved the lesser charge of second-degree murder.

The difference between these two crimes is premeditation. To convict the Defendant of the lesser charge of second-degree murder, the Government does not have to prove premeditation. That is an element of first- but not second-degree murder.

So for you to find the Defendant guilty of second-degree murder, the Government must prove the following elements beyond a reasonable doubt:

First, that on October 14, 2018, the Defendant unlawfully killed Brittney Silvers;

Second, that the Defendant acted with malice aforethought;

Third, that the killing occurred within the special maritime and territorial jurisdiction of the United States; and

Fourth, that the Defendant did not act in the heat of passion.

6

The same instructions I gave above regarding malice aforethought, maritime and territorial jurisdiction, and heat of passion apply here.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

### Voluntary Manslaughter

If and only if you find the Defendant not guilty of first- or second-degree murder, then please go on to consider whether the Government has proved the lesser charge of voluntary manslaughter.

For you to find the Defendant guilty of voluntary manslaughter, the Government must prove the following elements beyond a reasonable doubt:

First, that on October 14, 2018, the Defendant unlawfully killed Brittney Silvers upon a sudden quarrel or in the heat of passion; and

Second, that the killing occurred within the special maritime and territorial jurisdiction of the United States.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on the charge of voluntary manslaughter. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

<u>Count 2</u>
## Attempted Murder (18 U.S.C. § 1113)

Count 2 charges the Defendant with attempted murder of James Frederick Keating III. To prove attempted murder, the Government must establish each of the following elements beyond a reasonable doubt:

First, that on October 14, 2018, the Defendant did something that was a substantial step toward killing James Frederick Keating III;

Second, that when the Defendant took that substantial step, he intended to kill James Frederick Keating III; and

Third, that the attempted killing occurred within the special maritime and territorial jurisdiction of the United States; and

Fourth, that the Defendant did not act in the heat of passion.

Merely preparing to commit a crime is not a "substantial step." The Defendant's conduct must go beyond mere preparation to strongly confirm that he intended to kill James Frederick Keating III. This must be an act which—unless frustrated by some condition or event—would ordinarily and likely have resulted in the commission of the crime being attempted. But the Government does not have to prove that the Defendant did everything except the last act necessary to complete the crime. A substantial step beyond mere preparation is enough.

The same instructions I gave above regarding maritime and territorial jurisdiction and heat of passion apply here.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty.

### Attempted Voluntary Manslaughter

If and only if you find the Defendant not guilty of attempted murder, then please go on to consider whether the Government has proved the lesser charge of attempted voluntary manslaughter.

For you to find the Defendant guilty of attempted voluntary manslaughter, the Government must prove the following elements beyond a reasonable doubt:

First, that on October 14, 2018, the Defendant intended to unlawfully kill James Frederick Keating III upon a sudden quarrel or in a heat of passion; and

8

Second, that the attempted killing occurred within the special maritime and territorial jurisdiction of the United States.

The same instructions I gave above regarding maritime and territorial jurisdiction apply here.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on the charge of attempted voluntary manslaughter. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

### Count 3
### Domestic Violence Resulting in Death (18 U.S.C. § 2261(a)(1))

Count 3 charges the Defendant with engaging in domestic violence resulting in death. To prove this charge, the Government must establish each of the following elements beyond a reasonable doubt:

First, that Brittney Silvers was a spouse or intimate partner of the Defendant;

Second, that on October 14, 2018, the Defendant traveled between two states, or within the special maritime and territorial jurisdiction of the United States;

Third, that the Defendant traveled with the intent to kill, injure, harass, or intimidate Brittney Silvers;

Fourth, that in the course of or as a result of such travel, the Defendant committed a crime of violence against Brittney Silvers. First-degree murder, second-degree murder, and voluntary manslaughter are crimes of violence that may be prosecuted in a court of the United States; and

Fifth, that this resulted in the death of Brittney Silvers.

A "spouse or intimate partner" includes a spouse or former spouse, a person who shares a child in common, and a person who cohabits or has cohabited as a spouse.

The same instructions I gave above regarding maritime and territorial jurisdiction apply here.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## Count 4
## Violation of a Protection Order Resulting in Death (18 U.S.C. § 2262)

Count 4 charges the Defendant with traveling across state lines to violate a protection order, resulting in death. To prove this charge, the Government must establish each of the following elements beyond a reasonable doubt:

First, that on October 14, 2018, the Defendant traveled across state lines or within the special maritime and territorial jurisdiction of the United States;

Second, that on October 14, 2018, the Defendant knew he was the subject of a protection order;

Third, that at the time the Defendant traveled, he intended to engage in conduct which violated the protection order that applied to Brittney Silvers;

Fourth, that the Defendant subsequently violated the protection order; and

Fifth, that this resulted in the death of Brittney Silvers.

The term "protection order" includes any temporary or final injunction, restraining order, or other order issued by a court to prevent violence, threats or harassment against, contact or communication with, or physical proximity to, another person.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored a high probability that he was subject to a protection order as described above, then you may find that he "knew" he was subject to that court order. But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that that he was subject to the court order, and that the Defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

## Count 5
### Unlawful Possession of a Firearm (18 U.S.C. § 922(g)(8))

Count 5 charges the Defendant with possessing a firearm while subject to a restraining order, as defined below.  To prove this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, that on October 14, 2018, in the Western District of Kentucky (Christian County), the Defendant was subject to a court order that:

    a. was issued after a hearing of which the Defendant received actual notice and at which the Defendant had an opportunity to participate;

    b. restrained the Defendant from harassing, stalking, or threatening his intimate partner, or engaging in other conduct that would place his intimate partner in reasonable fear of bodily injury; and

    c. included a finding that the Defendant represented a credible threat to the physical safety of his partner, or by its terms explicitly prohibited the use, attempted use, or threatened use of physical force against his partner that would reasonably be expected to cause bodily injury.

Second, that the Defendant knew that he was subject to a court order as described above;

Third, that the Defendant knowingly possessed a firearm; and

Fourth, that the firearm crossed a state line before or during the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than the state in which the offense occurred.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

As defined above, the term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## Count 6
### Discharge of a Firearm During and in Relation to a Crime of Violence Resulting in Death (18 U.S.C. § 924(c)(1)(A)(iii))

Count 6 charges the Defendant with discharging a firearm during and in relation to a crime of violence, resulting in death.  To prove this charge, the Government must establish each of the following elements beyond a reasonable doubt:

First, that the Defendant committed one of the offenses set out in Count 1: first-degree murder, second-degree murder, or voluntary manslaughter. These offenses are crimes of violence that may be prosecuted in a court of the United States.

Second, that the Defendant knowingly discharged a firearm;

Third, that the Defendant did so during and in relation to the crime charged in Count 1; and

Fourth, that the discharge of the firearm resulted in the death of Brittney Silvers.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 1. In other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 1, and its presence or involvement cannot be the result of accident or coincidence.

As defined above, the term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## Count 7
## Discharge of a Firearm During and in Relation to a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A)(iii))

The Defendant is charged in Count 7 with discharging a firearm during and in relation to a crime of violence. To prove this charge, the Government must establish each and every one of the following elements beyond a reasonable doubt:

First, that the Defendant committed one of the offenses set out in Count 2: attempted murder or attempted voluntary manslaughter.  These offenses are crimes of violence that may be prosecuted in a court of the United States;

Second, that the Defendant knowingly discharged a firearm; and

Third, that the discharge of the firearm was during and in relation to the crime charged in Count 2.

The same instructions I gave above regarding firearms, knowledge, and "during and in relation to" apply here.

\* \* \*

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of this charge.

## III.   <u>JURY DELIBERATIONS</u>

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in courtroom.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form in accordance with the jury's verdict, write the date, and sign the verdict form on behalf of the jury. You will then tell the officer and return with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement if you possibly can at least do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict. All twelve of you must unanimously agree on the verdict.

If you decide that the Defendant is guilty, then it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                                No. 5:18-cr-50

VICTOR EVERETTE SILVERS

### Verdict – Count 1

**1.** With respect to Count 1 (First-Degree Murder), we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

*If you answered not guilty in response to the prior question, please proceed to the next question on this page.  If you answered guilty, skip to the next page.*

**2.** With respect to the lesser-included offense of Second-Degree Murder, we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

*If you answered not guilty in response to the prior question, please proceed to the next question on this page.  If you answered guilty, skip to the next page.*

**3.** With respect to the lesser-included offense of Voluntary Manslaughter, we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                                           No. 5:18-cr-50

VICTOR EVERETTE SILVERS

### Verdict – Count 2

**1.** With respect to Count 2 (Attempted Murder), we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

*If you answered not guilty in response to the prior question, please proceed to the next question on this page. If you answered guilty, skip to the next page.*

**2.** With respect to the lesser-included offense of attempted voluntary manslaughter, we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

17

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                                    No. 5:18-cr-50

VICTOR EVERETTE SILVERS

## Verdict – Count 3

With respect to Count 2 (Domestic Violence Resulting in Death), we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

_____
FOREPERSON'S SIGNATURE


_____
FOREPERSON'S JUROR NUMBER


_____
DATE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                              No. 5:18-cr-50

VICTOR EVERETTE SILVERS

## Verdict – Count 4

With respect to Count 4 (Violation of a Protection Order Resulting in Death), we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

_____
FOREPERSON'S SIGNATURE


_____
FOREPERSON'S JUROR NUMBER


_____
DATE

19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                          No. 5:18-cr-50

VICTOR EVERETTE SILVERS

### Verdict – Count 5

With respect to Count 5 (Unlawful Possession of a Firearm), we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

_____

FOREPERSON'S SIGNATURE


_____

FOREPERSON'S JUROR NUMBER


_____

DATE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                        No. 5:18-cr-50

VICTOR EVERETTE SILVERS

## Verdict – Count 6

With respect to Count 6 (Discharge of a Firearm During and in Relation to a Crime of Violence Resulting in Death), we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____

_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

_____
DATE

21

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                              No. 5:18-cr-50

VICTOR EVERETTE SILVERS

### <u>Verdict – Count 7</u>

With respect to Count 7 (Discharge of a Firearm During and in Relation to a Crime of Violence), we the jury unanimously find the Defendant

GUILTY _____ NOT GUILTY _____


_____
FOREPERSON'S SIGNATURE


_____
FOREPERSON'S JUROR NUMBER


_____
DATE

22